William F. King (Bar No. 023741)
Shayna R. Frieden (Bar No. (037841)
GALLAGHER & KENNEDY, P.A.
2575 East Camelback Road
Phoenix, Arizona 85016-9225
Telephone:	(602) 530-8000
Facsimile:	(602) 530-8500
bill.king@gknet.com
shayna.frieden@gknet.com

Robert H. Goodman (*pro hac vice* to be submitted)
PARRISH & GOODMAN, PLLC
13031 McGregor Blvd., Suite 8
Fort Myers, Florida 33919
Telephone:	(813) 643-4529
Facsimile:	(813) 315-6535
rgoodman@parrishgoodman.com

*Attorneys for Plaintiff Lee Abrahamian*

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Lee Abrahamian, *on behalf of himself and all others similarly situated*,<br><br>            Plaintiff,<br>     v.<br><br>Global Equity Finance, Inc.,<br><br>            Defendant. | Civil Action No.:<br><br>**CLASS ACTION COMPLAINT** |

Plaintiff, Lee Abrahamian ("Plaintiff"), on behalf of himself and on behalf of all others similarly situated, brings this class action for damages resulting from illegal and unlawful telephone communications made by Defendant Global Equity Finance, Inc. ("Defendant" or "Global Equity") to him and the class members.  The matters asserted herein are based on Plaintiff's personal knowledge, on the investigation and knowledge of his counsel, and on information and belief.  Plaintiff believes and avers that evidentiary support for the allegations

9488749v1/99-8921

set forth herein presently exists, or will exist with reasonable opportunity for discovery.

## NATURE OF ACTION

1. Plaintiff brings this action for damages, monetary relief, and equitable remedies resulting from the unlawful transmission of unlawful telephone calls made to Plaintiff's residential cellular telephone number ending in -5070, which number was at all times relevant hereto registered on the National Do Not Call Registry ("DNC Registry") and of which Plaintiff is the subscriber and regular user, in direct violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA") and its implementing regulations, 47 C.F.R. § 64.1200.

2. The calls were unwanted, violated and disturbed Plaintiff's privacy, and caused Plaintiff injury, including by occupying and using Plaintiff's telephone and depriving him of its use for wanted communications.

## JURISDICTION

3. This Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 47 U.S.C. § 227.

4. Personal jurisdiction and venue are proper in this Court because Plaintiff resides in this district, the unlawful calls were received by Plaintiff while present in this District, Defendant did direct and transmit the unlawful calls to Plaintiff while Plaintiff was in this District, and Defendant does substantial business in this District.

## PARTIES

5. Mr. Abrahamian is an adult individual residing in Buckeye, Arizona, and is a "person" as defined by 47 U.S.C. § 153(39).

6. Defendant Global Equity is a California business entity with an address of 404 Camino Del Rio South, Suite 300, San Diego, CA 92108, and is a "person" as defined by 47 U.S.C. § 153(39). Global Equity is a national home mortgage lender.

///

///

9488749v1/99-8921

**THE TCPA AND THE NATIONAL DNC REGISTRY**

7. Congress enacted the TCPA in 1991 to address consumer and business complaints regarding certain telemarketing practices, particularly "the proliferation of intrusive, nuisance calls." Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2, ¶¶1, 6, 105 Stat. 2394 (codified at 47 U.S.C. § 227). At its core, the TCPA is a consumer protection statute intended to protect consumer privacy against the scourge of unwanted telephone calls.

8. In passing the TCPA, Congress honored consumer's right and ability to protect one's privacy from unwanted telephone calls by allowing the Federal Communications Commission ("FCC") to establish rules to enforce the National DNC Registry. The DNC Registry allows consumers to register their telephone numbers to indicate their desire not to receive telephone calls that constitute "telephone solicitations," which are defined as calls made "for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services." 47 C.F.R. § 64.1200(c)(2), (f)(15).

9. Companies must honor a consumer's placing of his telephone number on the DNC Registry "indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." 47 C.F.R. § 64.1200(c)(2).

10. The TCPA provides consumers a private right of action against any entity that initiates more than one such telephone solicitation within any 12-month period. 47 U.S.C. § 227(c)(5); *see also* 47 C.F.R. § 64.1200(c)(2).

**FACTUAL ALLEGATIONS**

11. Plaintiff's telephone number ending in -5070, has been registered with the DNC Registry since October 25, 2007.

12. The telephone number -5070 is assigned to Plaintiff's cellular telephone and is a residential number under the TCPA for which Plaintiff is the regular subscriber and user.

13. Plaintiff did not provide the -5070 telephone number to Global Equity.

9488749v1/99-8921

14. Plaintiff did not consent or give permission to receive telephone calls from Global Equity for any purpose, including for purposes of being contacted about a mortgage loan.

15. Plaintiff did not make an inquiry or application with Global Equity for a home equity loan or any other product or service; Plaintiff did not have an established business relationship with Global Equity at any time.

16. Nonetheless, within the last year, Defendant placed several solicitation and marketing calls Plaintiff's telephone number for the purposes of encouraging Plaintiff to purchase a home equity loan or other products and services from Global Equity.

17. On information and belief, Defendant placed the telephone calls to Plaintiff willfully, knowing that it did not have Plaintiff's permission or consent to place the calls and knowing that Plaintiff's telephone number was on the DNC Registry. Alternatively, Defendant acted in willful or ignorant disregard of the fact that Plaintiff's telephone number was on the DNC Registry.

18. Defendant called Plaintiff at his -5070 telephone number on or about September 15 at approximately at 8:57 am, from the number 623-246-7022, a number which is associated with Global Equity.

19. Defendant called Plaintiff again at his -5070 telephone number on or about September 15 at approximately 11:12 am, from the number 623-610-6970, a number which is associated with Global Equity.

20. Defendant called Plaintiff again at his -5070 telephone number on or about September 16 at approximately at 8:47 am, from the number 623-254-4134, a number which is associated with Global Equity.

21. None of Defendant's calls to Plaintiff's telephone number were for an emergency purpose.

22. Plaintiff was harmed and injured by Defendant's calls. The calls to Plaintiff's residential cellular phone depleted his phone's data, storage, and battery life, and prevented Plaintiff's ability to use the phone to place and receive calls.

9488749v1/99-8921

23. Plaintiff's privacy was wrongfully invaded and disturbed by the unwanted calls, which forced Plaintiff to spend time and energy to review the unwanted calls.

24. In an effort to make more mortgage loans, Global Equity operates an unrelenting and aggressive telemarketing campaign where it places calls to telephone numbers that have been placed on the DNC Registry.

25. Accordingly, Plaintiff seeks to represent a class of similarly situated persons who have also received unwanted telemarketing calls from Global Equity like those received by Plaintiff.

## CLASS ACTION ALLEGATIONS

**A.** <u>The Class</u>

26. Plaintiff brings this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of himself and all other similarly situated members of the following class (the "Class"):

> **DNC Registry Class**: All persons in the United States who from four years prior to the filing of this action through the date of class certification (1) were called by or on behalf of Defendant for the purpose of selling Defendant's products and/or services; (2) more than one time within a 12-month period; (3) where the person's telephone number was listed on the National Do Not Call Registry for at least thirty days; and (4) Defendant did not obtain prior permission, consent, or have an established business relationship with the called person.

27. Defendant and its employees or agents are excluded from the Class. Plaintiff does not know the number of members in the Class but believes the Class members number in the several thousands, if not more.

**B.** <u>Numerosity</u>

28. Upon information and belief, over the last four years, Defendant placed telemarketing calls to telephone numbers registered on the DNC Registry belonging to thousands of persons throughout the United States without first obtaining prior consent or permission and without an existing business relationship. The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

5

29. The exact number and identities of the Class members are unknown at this time and can only be ascertained through discovery. Identification of the Class members is a matter that can be determined from Defendant's own records.

**C.  Common Questions of Law and Fact**

30. There are questions of law and fact common to the Class that predominate over any questions affecting only individual Class members. These questions include:

    a. Whether Defendant's calls to members of the Class were placed for the purposes of telephone solicitation;

    b. Whether the calls made to Plaintiff and Class Members violate the DNC Registry rules and regulations under the TCPA;

    c. Whether Defendant's conduct was knowing and/or willful;

    d. Whether Defendant is liable for damages, and the amount of such damages; and

    e. Whether Defendant should be enjoined from such conduct in the future.

31. The common questions in this case are capable of having common answers. Upon information and belief, Plaintiff's claim that Defendant routinely placed solicitation calls to telephone numbers registered on the DNC Registry will be supported by discovery and demonstrate that Plaintiff and the Class members have identical claims capable of being efficiently adjudicated and administered in this case.

**D.  Typicality**

32. Plaintiff's claims are typical of the claims of the Class members, as they are all based on the same factual and legal theories.

**E.  Protecting the Interests of the Class Members**

33. Plaintiff will fairly and adequately protect the interests of the Class and has retained counsel experienced in handling class actions and claims involving unlawful business practices, and specifically claims under the TCPA.

34. Neither Plaintiff nor his counsel has any interests which might cause them not to vigorously pursue this action.

**F.      Proceeding Via Class Action is Superior and Advisable**

35.     A class action is the superior method for the fair and efficient adjudication of this controversy.   The interest of Class members in individually controlling the prosecutions of separate claims against Defendant is small because it is not economically feasible for Class members to bring individual actions.

**COUNT I VIOLATIONS OF THE TCPA**
**(47 U.S.C. § 227, et seq. and 47 C.F.R. § 64.1200(c)(2))**

36.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

37.     Plaintiff brings this claim on behalf of himself and the Class.

38.     47 C.F.R. § 64.1200(c)(2) provides: "No person or entity shall initiate any telephone solicitation to . . . (2) [a] residential telephone subscriber who has registered his or her telephone number on the national DNC Registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government. Such do-not-call registrations must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator."

39.     The TCPA provides a private right of action to any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations"  47 U.S.C. § 227(c)(5).

40.     Defendant initiated more than one telephone call to telephone numbers belonging to Plaintiff and members of the Class within a 12-month period, despite the fact that Plaintiff and other Class member's telephone numbers were registered on the DNC Registry.

41.     Each of the telephone calls identified above by Defendant constitutes a separate violation of the TCPA and 47 C.F.R. § 64.1200(c)(2).

42.     Plaintiff and the Class are entitled to an award of $500 in statutory damages for each call made in violation of the TCPA pursuant to 47 U.S.C. § 227(c)(5)(B).

7

43.    Because the calls were placed by Defendant willfully and knowingly in violation of the TCPA, Plaintiff and the Class are entitled to treble damages in the amount of $1,500 in statutory damages and penalties for each call made in violation of the TCPA pursuant to 47 U.S.C. § 227(c)(5)(B).

44.    Additionally, Plaintiff and the Class are entitled to and seek injunctive relief prohibiting such conduct by Defendant in the future pursuant to 47 U.S.C. § 227(c)(5)(A).

## JURY TRIAL DEMAND

Plaintiff requests a trial by jury in this matter.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against Defendant:

A.    Injunctive relief prohibiting such violation of the TCPA by Defendant in the future;

B.    Statutory damages of $500.00 for each and every call made in violation of the TCPA pursuant to 47 U.S.C. § 227(c)(5)(B);

C.    Treble damages of up to $1,500.00 for each and every call deemed to be in violation of the TCPA pursuant to 47 U.S.C. § 227(c)(5)(C);

D.    An award of attorneys' fees and costs to counsel for Plaintiff and the Class; and

E.    Such other and further relief as may be just and proper.

/ / /

/ / /

8

9488749v1/99-8921

RESPECTFULLY SUBMITTED this 28th day of April, 2023.

GALLAGHER & KENNEDY, P.A.


By: /s/ *William F. King*
    William F. King
    Shayna R. Frieden
    2575 East Camelback Road
    Phoenix, Arizona 85016-9225

    Robert H. Goodman (*pro hac vice* to be submitted)
    PARRISH & GOODMAN, PLLC
    13031 McGregor Blvd., Suite 8
    Fort Myers, Florida 33919
    Telephone:     (813) 643-4529
    Facsimile: (813) 315-6535
    rgoodman@parrishgoodman.com

    *Attorneys for Plaintiff Lee Abrahamian*

9488749v1/99-8921